UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERMAINE R. RUDDICK,

                Plaintiff,

vs.                                  Case No. 2:04-cv-197-FtM-29SPC

WILLIAM CAMERON, et al.,

                Defendants.
_____

**ORDER**

Before the Court is Plaintiff's Motion for Statement (Doc. #38) filed November 22, 2005. Plaintiff requests permission to appeal an interlocutory order. In particular, Plaintiff seeks to appeal the November 16, 2005 Order (Doc. #37) denying Plaintiff default judgments against Defendants Cameron and Moore.  The Court denied Plaintiff default judgment pointing out that service has not been effected on either Defendant Cameron or Moore.

"To be appealable, an order must either be final or fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception." CSX Transportation, Inc. v. City of Garden City, 235 F.3d 1325, 1327 (11th Cir. 2000)(citations omitted).  "A final decision is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" CSX Transportation, 235 F.3d at 1327 (citations omitted). Alternatively, under 28 U.S.C. § 1292(b),

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of

>   the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

See 28 U.S.C. § 1292(b)(emphasis in original).

The Court's November 16, 2005 Order is not a final order. Moreover, the Court does not find that Plaintiff has presented a controlling question of law as to which there is a substantial ground for difference of opinion. The Court also finds that an immediate appeal will not advance the ultimate conclusion of the litigation. See Aparicio v. Swan Lake, 643 F.2d 1109, 1111 (5th Cir. Unit A 1981).[1]  Therefore, the Court declines to certify the appeal.

Accordingly, it is now **ORDERED**:

1. Plaintiff's request for an interlocutory appeal(Doc. #38) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this __5th__ day of December, 2005.

_JOHN E. STEELE_
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

-2-