UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERMAINE R. RUDDICK,

                    Plaintiff,

vs.                                Case No.  2:04-cv-197-FtM-29SPC

WILLIAM CAMERON, JAMES CROSBY, and
MICHAEL MOORE,

                    Defendants.

_____

### OPINION AND ORDER

     This matter comes before the Court upon Defendant Crosby's
Motion to Dismiss (Doc. #22) filed April 25, 2005.  The Court twice
advised Plaintiff to file a response to any dispositive motions.
See Order dated February 4, 2005 (Doc. #13, ¶10) and Order dated
May 12, 2005 (Doc. #29, ¶2).  On January 18, 2006, plaintiff filed
a Notice to the Court (Doc. #44).

### I.

     Plaintiff, who is currently incarcerated at Charlotte
Correctional Institution, a Florida Department of Corrections
("DOC") facility,  filed an amended civil rights complaint pursuant
to 42 U.S.C. §1983 (Doc. #7).  Plaintiff names as defendants James
Crosby, Secretary of the Department of Corrections; Michael Moore,
the former Secretary of the Department of Corrections; and William
Cameron, Sheriff of Charlotte County.  Plaintiff states that he is
suing each named defendant "in their individual capacities for
respective breaches of duty."  Complaint, page 8.  Although not the

model of clarity, it appears that Plaintiff is claiming that Defendants' failure to properly provide Plaintiff with training on the necessary administrative grievance processes for his various underlying claims: 1) denied Plaintiff access to court; 2) resulted in Plaintiff filing numerous frivolous lawsuits and incurring unnecessary filing and copying expenses; and 3) damaged Plaintiff reputation by causing him to be labeled "a frequent and frivolous filer." Complaint, page 9. Plaintiff refers the Court to two provisions of the Florida Administrative Code. The first regulation, F.A.C. 33-103.003(2), (b) and (c), allegedly requires an inmate to be advised of the grievance procedures during the inmate's orientation after an inmate is transferred to a new institution. The second regulation, F.A.C. 33-103.013(3), allegedly governs indigent mail.

Defendant Crosby[1] seeks dismissal of Plaintiff's Complaint on three grounds: 1) Defendant Crosby is entitled to 11th Amendment Immunity; 2) Defendant Crosby is entitled to qualified immunity; and 3) respondeat superior is not cognizable in a Section 1983 claim.

---

[1]

The Court notes that service has not been effectuated upon either Defendant Moore or Cameron. Nonetheless, the Court will review Plaintiff's Amended Complaint to determine whether it states a claim against these Defendants as well, since Plaintiff's claim against Defendant Crosby is predicated upon the same theory of recovery.

## II.

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiffs.  Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).  To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  However, the Eleventh Circuit imposes "heightened pleading requirements" for §1983 cases which involve individuals entitled to assert qualified immunity.  Swann v. Southern Health Partners, Inc., 388 F.3d 834, (11th Cir. 2004), citing Leatherman v. Tarrant County, 507 U.S. 163 (1993).  The heightened pleading standard is not otherwise applicable.

Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).  The Court need not accept unsupported

conclusions of law or of mixed law and fact in a complaint.  Marsh, 268 F.3d at 1036 n.16.

### III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To state a claim under 42 U.S.C. § 1983, plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law.  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).  In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  Marsh v. Butler County, Ala., 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).  A defendant who occupies a supervisory position may not be held liable under a theory of respondeat superior in a §1983 action.  Mondell v. Dep't of Social Services, 436 U.S. 658, 690-692, 98 S.Ct. 2018, 2036 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

### IV.

-4-

Liberally construing the Amended Complaint, it appears that Plaintiff is alleging that his first amendment rights were violated 1) because Plaintiff was not properly trained by prison officials on the administrative grievance process as required by Florida's; and 2) Plaintiff was not permitted to mail a "free" letter pursuant to certain provisions of the Florida Administrative Code, which regulates penal institutions.  Even assuming that Plaintiff can prove a violations of the Florida Administrative Code by prison officials, he has not alleged a violation of a right created by the United States Constitution or the laws of the United States. "Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." Knight v. Jacobson, 300 F.3d 1272, 1275 (11th Cir. 2002).  Any argument that a violation of state law *ipso facto* gives rise to a viable substantive due process claim has been foreclosed by the United States Supreme Court.  Lovins v. Lee, 53 F.3d 1208, 1211 (11th Cir. 1995)(citing Collins v. City of Harker Heights, Texas, 503 U.S. 115 (1992).  See also McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994)(en banc)(substantive rights created only by state law are not subject to substantive due process protection because substantive due process rights are created only by the United States Constitution).  Therefore, no § 1983 claim is stated by virtue of the alleged violation of the Florida Administrative Code.

In order to articulate an access to court claim, Plaintiff must allege that his "fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement" were  impaired or obstructed by the prison officials' actions.  Lewis v. Casey, 518 U.S. 343, 351 (1996)(citing  Bounds v. Smith, 430 U.S. 817, 821, 828 (1977)).  Although Plaintiff references various underlying claims he apparently grieved, and attaches copies of various grievances he filed in connection with such claims, it is unclear: 1) whether any of the claims constituted a qualifying case; 2) whether Plaintiff filed an action for said qualifying claim; and 3) whether said action was dismissed, and if so on what basis it was dismissed.  In short, the Court cannot decipher from the allegations in the Amended Complaint whether Plaintiff had a qualifying case that was "impaired or obstructed" by prison officials' actions.

Even assuming that prison officials "impaired or obstructed" a viable claim, it is clear that none of the named Defendants in any way directly participated in the alleged constitutional deprivation.  Brown v. Crawford, 906 F.2d 667, 671 (11th Cir.) cert. denied 500 U.S. 933 (1990).  Rather, Plaintiff attributes liability against Defendants Crosby, Moore, and Cameron solely on the basis of their respective supervisory positions as Secretary of the Department of Corrections and Sheriff of Charlotte County. These Defendants' supervisory positions, without more, does not subject them to liability.  Mondell v. Dep't of Social Services,

436 U.S. 658, 690-692, 98 S.Ct. 2018, 2036 (1978);   McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164, 114 S.Ct. 1189 (1994).   Nor does Plaintiff's Complaint contain any allegations of a policy, custom or practice on the part of these Defendants that was the "moving force" behind the alleged misconduct.   Board of County Commissioners v. Brown, 117 S.Ct. 1382, 1388 (1997); McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004); see also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999), Tennant V. Florida,111 F.Supp.2d 1326 (S.D.Fla. 2000).

Consequently, the Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against Defendants Crosby, Moore and Cameron under any set of facts that could be proved consistent with the allegations in Plaintiff's §1983 Complaint.   Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing   Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)).   Thus, Plaintiff has failed to state a cognizable claim under §1983 and Plaintiff's Complaint will be dismissed against all three of the Defendants.

ACCORDINGLY, it is hereby

**ORDERED**:

1.   Defendant Crosby's Motion to Dismiss (Doc. #22) is **GRANTED**.   Plaintiff's Complaint is **DISMISSED** without prejudice as to all Defendants.

2.    The **Clerk of Court** is directed to: 1) enter judgment dismissing this action in favor of all Defendants; 2) terminate any outstanding motions; and  3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __24th__ day of January, 2006.


_____
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record